UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

VIGNESH DAYABARAN, et al.,

Plaintiffs,

v.

JOSEPH EDLOW, et al.,

Defendants.

Case No. 26-cv-02343-SVK

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 11

## I. INTRODUCTION AND BACKGROUND

On March 18, 2026, Plaintiffs Vignesh Dayabaran, Umadevi Ganesan and minor S.S.D.V. filed this action against Joseph B. Edlow in his official capacity as Director of United States Citizenship and Immigration Services ("USCIS") and Tracey Tarango, in her official capacity as Director of the California USCIS Service Center (collectively, Defendants or the "Government."). Dkt. 1 ("Complaint"). They challenge the Government's failure to timely adjudicate their I-526E Immigration Petitions ("I-526E Petitions") and the concurrently filed I-485 Applications to Register Permanent Residence or Adjust Status ("I-485 Applications"). *Id.* Plaintiffs filed their applications concurrently on December 20, 2023, with Ganesan and S.S.D.V.'s applications dependent on Dayabaran's applications. *Id.* ¶¶ 12-14. The I-526E Petitions and I-485 Applications had been pending for over 26 months at the time of filing of the Complaint, and they have been pending for 31 months as of the date of this Order. *See id.* On June 29, 2026, the Government filed a Motion to Dismiss (the "Motion"), which is now before the Court. Dkt. 11. All Parties have consented to magistrate-judge jurisdiction. Dkts. 7, 13.

The Government's Motion raises three issues. First, the Government argues as a threshold matter that the Court lacks jurisdiction to compel the adjudication of Plaintiffs' I-526E Petitions under the jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(b)(ii). Dkt. 11 at 14-

16. Second, the Government argues that Plaintiffs' claims as to the I-485 Applications are unripe because the I-526E Petitions have not yet been adjudicated. *Id.* at 16-17. Finally, the Government argues that Plaintiffs fail to state a claim for unreasonable delay. *Id.* at 17-22. The Court determines that this matter may be resolved without oral argument. Civil L.R. 7-1(b). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## II. LEGAL STANDARDS

### A. Motions to Dismiss for Lack of Jurisdiction Under Fed. R. Civ. P. 12(b)(1)

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020). "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Additionally, the "Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, *inter alia*, that plaintiffs have standing and that claims be 'ripe' for adjudication." *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

In either case, "[a] Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a "facial" 12(b)(1) challenge, as is presented here, the Court assumes a plaintiff's factual allegations to be true and draws all reasonable inferences in plaintiff's favor. *Oracle Corp. v. ORG Structure Innovations LLC*, No. 11-cv-3549 SBA, 2012 WL 12951187, at *3 (N.D. Cal. Mar. 30, 2012) (citing *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

### B. Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *See UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their favor. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

## III. DISCUSSION

### A. The Court Has Subject Matter Jurisdiction Over the I-526E Petition Claims in this Action, but the I-485 Application Claims Are Unripe

The Court begins by addressing subject matter jurisdiction, because "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)…." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). The Court first addresses subject matter jurisdiction over the I-526E Petition claims before turning to the I-485 Application claims.

#### 1. The Court Has Subject Matter Jurisdiction Over the I-526E Petition Claims in this Action, and the APA Does Not Withdraw Jurisdiction

At the outset, the Court's general analysis as to pace-of-adjudication jurisdiction from *Gao v. Mullin* is applicable here, and the Court incorporates that analysis by reference herein. No. 25-cv-01479-SVK, 2026 WL 948665, *2-5 (N.D. Cal. Apr. 8, 2026). The Government argues here that the context of I-485 applications is different from I-526E petitions in a meaningful way, because of the presence of 8 U.S.C. § 1153(b)(5)(E)(ii)(II). *See* Dkt. 15 at 4-5.

The Government recognizes that "this Court recently decided this issue in a similar case alleging delay in processing of an I-526E [Petition]." Dkt. 15 at 3 (citing *Mamaduru v. Edlow*,

No. 26-cv-01820-SVK, 2026 WL 2033087 (N.D. Cal. July 14, 2026)). The Court's decision in *Mamaduru* squarely addresses the Government's initial arguments in this Motion and Plaintiffs' arguments in opposition, and the Court incorporates that decision by reference herein, including its discussion of the relevant statutory frameworks. *See id.* at *2-6. In reply, the Government acknowledges *Mamaduru* but maintains its position that 8 U.S.C. Section 1153(b)(5)(E)(ii)(II)'s "manner and order" discretion forecloses unreasonably delay claims for I-526E petitions. *See* Dkt. 15 at 3-5. The Government does not, however, contend with the *reasons* this Court found the "manner and order" discretion insufficient to encompass unreasonably delay claims in *Mamaduru*: First, Section 1153(b)(5)(E)(ii)(II)'s "manner and order" discretion presupposes that USCIS will process such petitions; second, its sister-subsection (E)(ii)(I) provides that the Secretary of Homeland Security *shall* prioritize certain kinds of petitions for processing, which supports that the Secretary and USCIS are required to adjudicate applications. *Mamaduru*, 2026 WL 2033087, at *4-5. Both reasons remain persuasive here.

Accordingly, the Court finds no reason to depart from its prior decisions in *Gao* and *Mamaduru*, incorporates the reasoning of both herein, and finds that the Court has jurisdiction to address Plaintiffs' pace-of-adjudication claims. Similarly, because "the Government's [Administrative Procedures Act ("APA")] argument is based entirely on its argument that 8 U.S.C. § 1252(a)(2)(B)(ii) is a statute that precludes judicial review in this case [and] the Court [disagrees], the Court consequently finds that the APA does not withdraw judicial review of the claims." *Mamaduru*, 2026 WL 2033087, at *6.

**2. Plaintiffs' I-485 Application Claims Are Unripe and Must be Dismissed**

In *Mamaduru*, the Court also considered the issue of concurrently-filed I-526E and I-485 Applications raised by the Government here. As the Court explained, although it "may be the case that Plaintiffs' I-485 Applications will be entitled to immediate approval *if* their I-526E Petitions are approved[,] the approval of the I-526E Petitions themselves [nonetheless] remains an uncertain, contingent future event." *Id.* at *7. Thus, the I-485 Application claims are unripe at this juncture and must be **DISMISSED without prejudice**. *Id.* (citing *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events

that may not occur as anticipated, or indeed may not occur at all.”)).

**B. As Pleaded, the *TRAC* Factors Favor Dismissal, but the Court Cannot Conclusively Decide the *TRAC* Factors at this Juncture Due to Events Post-Dating the Complaint, and So Grants Plaintiffs Leave to Amend**

Finally, as to the I-526E Petition claims, the Court addresses the Government’s merits challenge: that “Plaintiffs have not pleaded sufficient facts to support a claim of unreasonable delay.” Dkt. 11 at 17-22. The APA requires that an agency “conclude a matter presented to it” “within a reasonable time[.]” 5. U.S.C. § 555(b). “To determine whether an agency’s delay is unreasonable under the APA, [courts] use the *TRAC* factors—the six-factor balancing test announced in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (‘*TRAC*’).” *Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022). The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a “rule of reason[”;]
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not “find any impropriety lurking behind agency lassitude in order to hold that agency action is ‘unreasonably delayed.’ ”

*Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022)(citing *TRAC*, 750 F.2d at 80).

As an initial matter, Plaintiffs suggest that the Court should not engage in the *TRAC* factor analysis at the pleading stage. Dkt. 14 at 17.[1] Defendants argue that courts routinely do so. Dkt. 11 at 18. “There is no categorical prohibition on deciding unreasonable-delay claims at the motion-to-dismiss stage,” and “the question of whether discovery is necessary depends, as with

[1] However, Plaintiffs appear to agree that they must at least “plausibly allege that the agency has failed to act within a reasonable time.” *See* Dkt. 14 at 16.

any sort of claim, on the particular [c]omplaint." *E.g.*, *Garas v. Noem*, No. 25-cv-01756-FWS (JDE), 2025 WL 3650184, at *3 (C.D. Cal. Dec. 5, 2025); *Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1254 (S.D. Cal. 2024) ("[P]laintiffs in visa-application cases must nevertheless plausibly allege unreasonable delay under the *TRAC* factors to survive a motion to dismiss.").

In this case, the Court finds it appropriate to begin the *TRAC* factor analysis based on Plaintiffs' well-pleaded factual allegations. However, for the reasons explained below, the Court primarily addresses the first factor and **DISMISSES** the Complaint **with leave to amend**.

**1. The First Factor Appears to Favor the Government but Cannot be Decided Prior to an Amended Complaint**

Defendants argue that under the first *TRAC* factor, the "First In First out (FIFO)" approach supplies an acceptable rule of reason and favors the Government. Dkt. 11 at 18-19 (collecting cases); *see also* Dkt. 1 § C, ¶¶ 36-37 (describing the FIFO approach as alleged by Plaintiffs). This Court agrees that "[a] first-in, first-out (FIFO) procedure for processing applications can constitute a rule of reason." *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *13 (N.D. Cal. Feb. 20, 2026). However, as Plaintiffs argue and this Court has recognized, the Government must actually be adhering to the FIFO approach for this factor to favor it. *See id.* (where, because of a policy-memorandum, "whatever FIFO process may have once existed is no longer in place[, t]his factor favors Plaintiffs."). Plaintiffs argue in their opposition that the Court should find this factor favors Plaintiffs or at least "raise[s] factual disputes that cannot be resolved on a motion to dismiss" because (1) "Defendants offer no case-specific explanation of where Plaintiff's application falls in any queue, how that queue is being administered, or why no action has been taken" and (2) Plaintiffs have alleged that the Government deviates from the FIFO framework. Dkt. 14 at 17-18.

On the first point, Plaintiffs' argument is misplaced. It is not Defendants' burden to offer affirmative facts in a pleading challenge, because the Court may only consider "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *E.g.*, *UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d at 698. As to Plaintiffs' second argument, however, if Plaintiffs' well-pleaded allegations support a reasonable inference that the

Government is not following its general FIFO framework, "whether USCIS actually follows its purported rule of reason is a question of fact unsuitable for determination at the pleadings stage." *See Gutta v. Renaud*, No. 20-cv-06579-DMR, 2021 WL 533757, at *8 (N.D. Cal. Feb. 12, 2021) (denying motion to dismiss where plaintiffs had alleged that "USCIS has already approved later-filed Form I-526 petitions for the same projects for other investors."); *see also Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 453 (6th Cir. 2022). Defendants do not take issue with that principle but argue that Plaintiffs have not actually pleaded that USCIS is not applying its FIFO framework and cannot amend their Compliant via the opposition. Dkt. 15 at 5-6.

The Court agrees with Defendants as to the currently-pleaded Complaint. Plaintiffs' Complaint contains only three relevant allegations, none of which are sufficient to undermine the Government's general reliance on the FIFO rule of reason. First, in contrast to the 22 allegations identified as sufficient in the *Gutta* court's decision, Plaintiffs here identify only one I-526E petition that they allege was approved outside of the FIFO framework and do not allege any facts as to whether it was similarly situated to Plaintiffs' I-526E Petitions. *Contrast* Dkt. 1 ¶ 52 *with* 2021 WL 533757, at *8 (citing 22 paragraphs of the complaint in that case). The second and third allegations are that USCIS announced "a process change" from FIFO to "a visa availability approach" on March 31, 2020 and that subsequently on July 18, 2023, USCIS announced a new approach "for managing the inventory of Form I-526E petition." Dkt. 1 ¶¶ 53, 56. Plaintiffs' allegations as to these approaches are deficient because (1) they fail to allege any description of how these modified approaches work (*e.g.*, whether they are merely modified FIFO approaches, which they appear to be based on Plaintiffs' allegations at paragraph 55) and (2) Plaintiffs allege that these approaches are intended to "increase fairness" and "promote greater efficiency." *See id.* In sum, Plaintiffs do not explain how the Government's deviations from FIFO fail the rule-of-reason test. Based on these allegations alone, the first *TRAC* factor would favor the Government (although Plaintiffs may be able to amend and clarify their Complaint).

Moreover, in reply, the Defendants point out that Plaintiffs' allegations do not address "the I-526E inventory management approach that the Agency implemented earlier this year." Dkt. 15 at 6. As a court in this District has recently explained, this new system was adopted March 30,

2026, and sets forth a modified FIFO approach that:

> seeks to balance statutory and resource considerations by:
>
> - Assigning Form I-526E petitions for adjudication after adjudicating the associated Form I-956F;
> - Assigning Form I-526E rural petitions by a FIFO approach as priority for anticipated fiscal year rural visa usage; and
> - Assigning other Form I-526E and post-RIA Form I-526 petitions by a FIFO approach after the Form I-526E rural queue is empty or when IPO determines it has made decisions on enough petitions from that queue.

*Dinh v. Edlow*, No. 26-cv-02697-TSH, 2026 WL 2001155, at *6 (N.D. Cal. July 10, 2026).[2] Defendants suggest that Plaintiffs' failure to address this most recent modification, which Defendants contend is a rule-of-reason, means the first *TRAC* factor favors the Government. However, because this most recent change post-dates Plaintiffs' filing of the Complaint, it is not the case that Plaintiffs are simply failing to address or otherwise sweeping the Government's proposed rule under the proverbial rug; Plaintiffs could not have addressed it previously.

Accordingly, without further amendment, the first *TRAC* factor favors the Government; however, as the Court cannot fully assess this factor without amendment, the Court **GRANTS** Plaintiffs **leave to amend** to address, at a minimum, the Government's March 30, 2026 updated approach.

### 2. Guidance as to the Other *TRAC* Factors for Purposes of Amendment

Because "[t]he most important is the first factor, the 'rule of reason,'" (*see In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017)), and the Court cannot conclusively decide that factor and so grants leave to amend, the analysis could stop here. However, in the interest of efficiency and because courts must ordinarily consider all of the factors, the Court briefly addresses the

[2] The Court takes judicial notice, *sua sponte*, of the Government's announcement of the new inventory management system/approach, as evidenced by USCIS's website. *See* https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-fifth-preference-eb-5/eb-5-questions-and-answers (under the "Inventory Management" dropdown: "Effective March 30, 2026, we will generally assign Form I-526 and Form I-526E under a first in, first out (FIFO) approach that seeks to balance these considerations by: …" (quoting the above language)).

United States District Court
Northern District of California

remaining factors to provide guidance for any other amendments Plaintiffs wish to make.

**a. The Second Factor Favors Plaintiffs**

The second factor "considers whether Congress provided in the enabling statute a timetable or other indication of the speed with which it expects the agency to proceed." *Varniab*, 2026 WL 485490, at *13. 8 U.S.C. § 1571(b) sets forth an aspirational 180-day timeline for the processing of immigration benefits. Although some courts refuse to give any weight to this non-binding timeline, other courts, including this Court, "have recognized that statutory timelines referenced by Congress, even if aspirational, are due some weight in the *TRAC* analysis." *Infracost*, 732 F. Supp. 3d at 1256; *see also Varniab*, 2026 WL 485490, at *13. Accordingly, this factor weighs in Plaintiffs' favor, but its weight "is slim." *Infracost*, 732 F. Supp. 3d at 1256.

**b. The Third and Fifth Factors Favor Defendants**

"The third and fifth factors require the [c]ourt to assess whether human health and welfare are at stake and whether the nature and extent of those interests are prejudiced by the delay." *Garas*, 2025 WL 3650184, at *4. These "factors overlap and are often addressed together." *Varniab*, 2026 WL 485490, at *13. Courts in this District generally hold "that when plaintiffs allege general harms experienced by all [] applicants, these factors do not tip in favor of an applicant." *See Kullab v. United States Dep't of Homeland Sec.*, No. 24-cv-04140-WHO, 2025 WL 901943, at *7 (N.D. Cal. Mar. 25, 2025); *see also Varniab*, 2026 WL 485490, at *13 (citing *id.* but explaining that the plaintiffs at issue had made such a showing).

Here, Plaintiffs argue they have alleged: "prolonged uncertainty regarding their immigration status, limitations on professional and personal planning, and the inability to secure the full benefits associated with lawful permanent residency." Dkt. 14 at 22. Plaintiffs do not cite specific paragraphs of the Complaint, however, which is unhelpful, and the Court is not required to sift through the 149 paragraphs of allegations in search of harms Plaintiffs' brief does not assert. *Williams v. Johnson*, No. 14-cv-0431-UA (JEM), 2014 WL 1681997, at *2 (C.D. Cal. Apr. 29, 2014) (citing *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir.2003)). Standing alone, the statements of harm from the opposition are generic and are experienced by all applicants to some extent. Accordingly, these factors tip in Defendants' favor.

United States District Court
Northern District of California

**c. The Court Cannot Evaluate the Fourth Factor at this Stage**

The fourth *TRAC* factor "concerns the effect of expediting delayed action on Plaintiffs' applications on agency considerations of a higher or competing priority." *Varniab,* 2026 WL 485490, at *14. In particular, this factor weighs in the Government's favor when "where a judicial order putting an applicant 'at the head of the queue would simply move all others back one space and produce no net gain." *Ferro v. Mayorkas*, No. 23-cv-02033-SB (MRW), 2023 WL 4291841, at *4 (C.D. Cal. June 16, 2023). However, as this Court has previously explained, where the Government's asserted "line of applicants" is not being adhered to, this factor does not favor the Government because ordering action on the plaintiffs' applications will not "undermine agency considerations in maintaining a cognizable 'line' of applicants." *Varniab*, 2026 WL 485490, at *14. For the same reason that this Court cannot ultimately judge whether the Government's current protocol is an adequate rule-of-reason, the Court cannot determine from the allegations whether there is a cognizable "line" or what Plaintiffs' current standing in the line might be.

**d. The Sixth *TRAC* Factor is Neutral**

"The sixth factor requires that the court consider any allegations of impropriety. *Garas v. Noem*, 2025 WL 3650184, at *5. "Because Plaintiff does not allege bad faith or impropriety, the court concludes the sixth *TRAC* factor is neutral." *Id.* (quoting *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022) ("Where there is no evidence of bad faith, the sixth factor is 'irrelevant.'").

**e. "Comparative Delay" Arguments Are Proper Under the First, Second and Fourth Factors, So the Court Cannot Decide Them**

Defendants also separately cite various cases, from this and other districts, which they argue show that "delays of four years or less" are reasonable, while "delay[s] of five years [are] unreasonable." Dkt. 11 at 19-20. Plaintiffs respond that this "argument is both factually and legally misplaced." Dkt. 14 at 20. The Court provides the following guidance: Although not dispositive, comparison of Plaintiffs' processing time to, *e.g.*, USCIS's average processing times for certain types of applications or to the delays upheld (or found violative) in other cases may be relevant. For example, the Court has considered such comparative delay arguments in assessing whether the agency is adhering to its own purported processing rules under the first factor,

United States District Court
Northern District of California

whether the agency is within or without Congress's benchmarks under the second factor, and whether Plaintiffs are "towards the front" of the "line of applicants" under the fourth factor. *See, e.g.*, *Varniab*, 2026 WL 485490, at *13-14 (considering such information under these factors). Accordingly, the Court reserves consideration of the Parties' "comparative delay" arguments pending amendment of the Complaint.

* * *

Based on Plaintiffs' current allegations, the third and fifth *TRAC* factors favor Defendants while the second factor slightly favors Plaintiffs. The sixth factor is neutral, while the first and fourth factors—critical to the unreasonable delay conclusion—cannot be fully assessed because of USCIS's change in its inventory management approach for I-526E applications. Accordingly, Plaintiffs' I-526E Petition claims are **DISMISSED with leave to amend**. Plaintiffs **must** address the impact of the March 30, 2026 inventory management change and **may**, if they can do so in good faith, add or clarify additional allegations under the other factors.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' I-485 Application claims are **DISMISSED without prejudice** but **without leave to amend**, and Plaintiffs' I-526E Petition claims are **DISMISSED with leave to amend** under the *TRAC* factors.

Plaintiffs' amended Complaint shall be due no later than **August 19, 2026**.

**SO ORDERED.**

Dated: July 29, 2026

[signature]
SUSAN VAN KEULEN
United States Magistrate Judge